**OPINION ON REHEARING**



FILED

Jun 13 2023, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Eugene A. Kress
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

J.T. Whitehead
Nicole D. Wiggins
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Katrina Louise Fouts, | June 13, 2023 |
| *Appellant-Defendant,* | Court of Appeals Case No. 22A-CR-917 |
| v. | Appeal from the Hamilton Superior Court |
| State of Indiana, | The Honorable William J. Hughes, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 29D03-2009-MR-5701 |

**Opinion on Rehearing by Judge Robb**
Judges Riley and Tavitas concur.

**Robb, Judge.**

[1] Katrina Fouts was convicted of conspiracy to commit murder, a Level 1 felony, and failure to report human remains, a Class A misdemeanor. She appealed her convictions, and we affirmed. *Fouts v. State*, 207 N.E.3d 1257 (Ind. Ct.

App. 2023). Fouts has now filed a petition for rehearing. We grant the rehearing for the limited purpose of addressing a factual error in the opinion, but otherwise reaffirm our opinion.

In recounting the facts, the opinion states that police found "multiple items of interest" in a Nissan Rogue that was located in Fouts' garage. *Id.* at 1262. Fouts points out that this is a misstatement: the Rogue was found in her co-conspirator's garage. Petition for Rehearing at 4. We agree and hereby correct that misstatement.

Fouts raised several issues on appeal, including whether the evidence of "both the requisite intent to commit murder and of an agreement" was sufficient to support her conviction of conspiracy. *See* Appellant's Brief at 6.[1] After careful reconsideration of the issues raised with this correction in mind, we reaffirm our original decision that there was sufficient evidence to support Fouts' conspiracy to commit murder conviction.

Riley, J., and Tavitas, J., concur.

---

[1] The opinion states that Fouts "does not challenge the overt act prong." *Id.* at 1263 n.3. Fouts argues on rehearing that she "argued repeatedly that there was no agreement and it is *impliedly incorporated* into all her arguments that there was no overt act attributable to her[.]" Pet. for Reh'g at 5 (emphasis added). We disagree. Fouts did argue there was no evidence of an "overt agreement," *see* Appellant's Brief at 24, but did not argue, impliedly or otherwise, there was insufficient evidence of an overt *act.*